## BREEDING et al. v. MAYOR.

### No. 2343.

Court of Civil Appeals of Texas. Beaumont.

May 1, 1933.

Rehearing Denied May 17, 1933.

Bliss & Daffan and D. A. Meyer, all of San Antonio, for appellants.

J. M. Woods, of San Antonio, for appellee.

WALKER, Chief Justice.

The parties, the pleadings, and the evidence are the same on this appeal as in a former appeal reported Mayor v. Breeding et al. (Tex. Civ. App.) 24 S.W.(2d) 542, except with the following addition to the testimony, which we take from appellants' reply brief:

"Appellee states that no additional testimony was introduced on this the second trial of this case. He certainly overlooked the testimony of John Duggan in his fourth deposition. This deposition was not taken at the time of the first trial.

"Duggan, the lawyer, who represented Emma Cook in the divorce proceeding she had brought against Robert Cook in the Court of Common Pleas of Fayette County in the State of Pennsylvania, on August 1st, 1922, which she had not dismissed at the time of Robert Cook's death, testified in this deposition as follows: 'Yes, the deed was executed in full settlement of alimony, and the parties while in the office, agreed that they should own the half interest in the property separately. I do not recall the exact wording of the deed, but it was prepared in accordance with the wishes of the parties as expressed at that time. * * * Neither of them said anything about being reconciled and their going to live together again. My recollection is that they did not live together again after the filing of the libel in the divorce proceedings. I know they were both in Connellsville.' "

This appeal is from a verdict instructed in favor of appellee, awarding him all the land in controversy.

Appellants merely assign that the court erred in giving the peremptory instruction to the jury. Their only contention is that under the undisputed evidence they were entitled to an instructed verdict for an undivided one-fourth interest in the land in controversy and for an undivided one-fourth interest in the accumulated rental value of the property to the amount of $372.50. No point is made that the court erred in refusing to submit any of the issues suggested by the opinion on the former appeal. As against appellants' propositions, the verdict was correctly instructed in favor of appellee.

It is therefore ordered that the judgment of the lower court be affirmed.